IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS FISHER**<br>1498 Redsunset Drive<br>Dayton, OH 45458, | : <br> : <br> : <br> : | CASE NO.: 3:20-cv-351<br><br>JUDGE: |
| Plaintiff, | : <br> : | |
| v. | : <br> : <br> : | |
| **SAMSON TUBE, LLC**<br>c/o Richard Whipp, Statutory Agent<br>4415 Winding Brook Road<br>Fort Wayne, IN 46814, | : <br> : <br> : <br> : <br> : | Jury Demand Endorsed Hereon |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Dennis Fisher ("Plaintiff") and proffers this Complaint for damages against Defendant Samson Exhaust ("Defendant").

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties predominately there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

4. Plaintiff Dennis Fisher is an individual, a United States citizen, and a resident of the state of Ohio.

5. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FLSA.

6. Defendant is a foreign corporation doing business in the Southern District of Ohio.

7. At all times relevant herein, Defendant was a covered "employer" as that term is defined in the FLSA.

8. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendant in February 2018.

10. At that time, Plaintiff entered into a Sponsorship Contract ("hereinafter "Contract") with Defendant.

11. In the Contract, Defendant agreed to provide Plaintiff, among other things, funding to Plaintiff's driver/race team in exchange of Plaintiff representing and promoting Defendant in a variety of different ways, including displaying Defendant's name and logo on his bike during races, Hero cards, t-shirts, and on social media platforms.

12. Soon after Plaintiff and Defendant executed the Contract, Defendant began requesting that Plaintiff provide services to the Company that were outside Plaintiff's obligations under the Contract.

13. Specifically, Defendant requested that Plaintiff help with Defendant's advertising capabilities and efforts, particularly Defendant's online advertising.

14. Plaintiff was asked to set up Defendant's AdWords campaign on Google.

15. Defendant also requested that Plaintiff help with other of Defendant's online advertising and selling capabilities, including but not limited to, creating an online catalog to showcase their products and allow customers to purchase the products online.

16. Plaintiff spent significant time working on the online catalog as it required him to do, among other things, vet vendors, assist in the product shoot of Defendant's products, and draft content that accompanied the pictures of the product online.

17. Plaintiff also spent significant time working on Defendant's behalf with third-party vendors to increase Defendant's online advertising abilities.

18. Plaintiff also spent time helping Defendant update and redesign Defendant's corporate Website and other social media platforms.

19. Plaintiff performed other technology-based tasks on behalf of Defendant.

20. Plaintiff worked on setting up a system that allowed Plaintiff's phone system to record conversations with salespersons and dealers so Defendant had a record of those conversations.

21. Defendant used the recorded conversations to confirm details about the customer needs and requests.

22. At Defendant's request, Plaintiff also helped with Defendant's print advertising.

23. Plaintiff designed Defendant's print advertisement in bike magazines and other media outlets.

24. Defendant also asked Plaintiff to work with actual and potential dealers and distributors, including being asked to participate on recruiting calls and sales calls.

25. Plaintiff also spent significant time finding third-party vendors that offered polishing and plating services.

26. Defendant needed Plaintiff to look at alternatives for these types of vendors because the Company's existing vendor created severe bottlenecks for them in being able to ship finished products.

27. Another major task that Plaintiff performed on behalf of Defendant was working with Mid-USA to inquire about Defendant's ability to sell their products at Mid-USA.

28. Defendant even approved for Plaintiff to travel on Defendant's behalf to meet with Mid-USA representatives to discuss potential terms and conditions of a possible relationship with Defendant and Mid-USA.

29. Plaintiff spent significant time analyzing and putting together different proposals on Defendant's behalf to Mid-USA.

30. Plaintiff was also asked to conduct certain research and analysis within the industry.

31. Plaintiff conducted a pricing analysis of Defendant's products and engaged in other market research.

32. Defendant provided Plaintiff the tools he needed to perform these tasks and held him out as a representative of Defendant.

33. Defendant provided Plaintiff space to work at Defendant's facility in Ft. Wayne, Indiana, reimbursed him for travel (e.g., gas to St. Louis), and provided a company email address and business cards that he used when speaking to third-parties when dealing directly with Defendant.

34. Plaintiff worked for Defendant through approximately January 2019.

35. During that one-year period, Plaintiff conservatively worked 25 hours per a normal workweek performing functions on Defendant's behalf that clearly fell outside his obligations under the Contract.

36. Plaintiff performed similar types of functions that fell outside the Contract during certain racing events, conservatively estimated at 200 hours during that time.

37. Plaintiff incurred $2,229.46 in direct expenses related to travel that he incurred in performing work for Defendant and for which it was approved.

38. Defendant has refused to reimburse Plaintiff for those expenses.

39. On or about April 22, 2020, Plaintiff provided a demand letter to Defendant asserting claims against Defendant under the FLSA.

40. On or about May 26, 2020, Defendant filed a lawsuit against Plaintiff asserting baseless claims against Plaintiff.

## FIRST CAUSE OF ACTION
## FLSA, 29 U.S.C. §201, *et seq*. -
## Failure to Pay Minimum Wage

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. Plaintiff was not paid the federal minimum wage for the hours he worked for Defendant.

43. Defendant knew or should have known they were required to pay Plaintiff federal minimum wage.

44. Accordingly, Plaintiff was forced to work for Defendant since February 2018 without receiving federal minimum wage. As a result, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
### FLSA, 29 U.S.C. § 215(a)(3)
### Retaliation

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Plaintiff's communication with Defendant regarding potential unpaid minimum wage claim constitutes protected conduct under the FLSA.

47. Subsequent to Plaintiff communicating his issue of unpaid minimum wage to Defendant, Defendant filed a baseless lawsuit against Plaintiff due to him asserting claims against Defendant.

48. But for Plaintiff's protected conduct, Defendant would not have filed its baseless lawsuit against Plaintiff.

49. As a result of Defendant's unlawful actions, Plaintiff has been damaged and is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorney's fees, costs, expenses, and any other amounts available under the law incurred by Plaintiff for Defendant's violations.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
brad@gibsonemployentlaw.com
513.834 8254 [T]
513.834.8253 [F]

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson_____
Bradley L. Gibson (0085196)
